UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRIORITY TRANSFER II LLC

    Plaintiff,

v.

ENDURANCE ENVIRONMENTAL
SOLUTIONS, LLC

    Defendant.

Case No. 22-cv-10369
Hon.

---

MARK J. ZAUSMER (P31721)
MICHAEL A. SCHWARTZ (P74361)
NICHOLAS J. SWIDER (P83843)
Zausmer, P.C.
Attorneys for Plaintiff
32255 Northwestern Highway, Suite 225
Farmington Hills, MI  48334
(248) 851-4111 Fax: (248) 851-0100
mzausmer@zausmer.com
mschwartz@zausmer.com
nswider@zausmer.com

---

## **COMPLAINT**

    Plaintiff Priority Transfer II LLC, by its attorneys, Zausmer, P.C., states for its Complaint against Defendant Endurance Environmental Solutions, LLC:

{04090773}

## PARTIES

1. Plaintiff Priority Transfer II LLC ("Priority Waste") is a Michigan limited liability company, operating a waste management transfer station in Detroit, Michigan—known as the J Fons Co. Transfer Station or "J. Fons"—from its principal place of business at 42822 Garfield Road, Clinton Township, Michigan 48038.

2. Defendant Endurance Environmental Solutions, LLC ("Endurance") is a Delaware limited liability company with a principal place of business at 20340 Stoney Island Avenue, Lynwood, Illinois 60411.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is full diversity of citizenship between the parties.

4. Venue is proper under 28 U.S.C. § 1391(b)(2) and (d) because a substantial part of the events or omissions giving rise to Priority Waste's claim occurred in this judicial district and because Endurance has sufficient contacts within this judicial district to be subject to the Court's personal jurisdiction.

## FACTUAL ALLEGATIONS

5. K.R. Drenth Trucking, Inc. and J. Fons Company Incorporated entered into a Transportation Agreement with an effective date of April 1, 2019. A copy of

the Transportation Agreement is attached as Exhibit A.

6. By its terms, the Transportation Agreement is to remain in full force until March 31, 2022.

7. Endurance acquired K.R. Drenth Trucking, Inc. in or around 2020, and was assigned and assumed K.R. Drenth Trucking, Inc.'s contractual rights and obligations under the Transportation Agreement.

8. Priority Waste acquired the assets of J. Fons Company Incorporated in or around June 2020, and was assigned and assumed J. Fons Company Incorporated's contractual rights and obligations under the Transportation Agreement.

9. As a result of the respective assignments and assumptions described above, Priority Waste and Endurance became successor parties to the Transportation Agreement, with the same rights and obligations as the original contracting parties.

10. The Transportation Agreement requires Endurance to transport waste from Priority Waste's J. Fons transfer station located at 6451 East McNichols Road, Detroit, Michigan to other landfills in the Detroit area.

11. Paragraph 2(f) of the Transportation Agreement requires Endurance to supply seven trucks year-round to haul waste from the J. Fons transfer station, with each truck projected to transport four loads per weekday at a minimum of 30 tons per load, with a weekly hauling target of 4,200 tons.

12. Paragraph 2(f) of the Transportation Agreement also requires Endurance to supply an additional three trucks, for a total of 10 trucks, from April through October of each year to address seasonal increased volume demands, with each truck projected to transport four loads per weekday at a minimum of 30 tons per load, with a weekly hauling target of 6,000 tons.

13. Endurance failed to provide the number of trucks, loads per day, and hauling volume per week that it had agreed to under the Transportation Agreement.

14. As a direct result of Endurance's actions, including its failure to haul away waste from the J. Fons transfer station, a buildup of waste accumulated at the transfer station, which necessitated a closure of the transfer station to resolve the buildup, and has caused Priority Waste to be unable to fully service its customers and process their waste.

15. Paragraph 4 of the Transportation Agreement requires Endurance to indemnify and hold Priority Waste harmless from and against "any loss, cost, or damage of any kind, including reasonable attorneys' fees," to the extent arising out of Endurance's breach of the Transportation Agreement.

16. Priority Waste lost substantial amounts of business, including additional volume commitments, from its customers as a result of Endurance's actions.

**Cash Customers**

17. Priority Waste was unable to fully process its walk-in cash customers' waste between July 1, 2021 and December 31, 2021 as a direct result of Endurance's actions.

18. Priority Waste's profit margin for walk-in cash customers was approximately $27.61 per ton in 2021.

19. Because of Endurance's breach of its contractual commitments under the Transportation Agreement, Priority Waste lost approximately $870,293 in profits between July 2021 and December 2021, and will lose additional future profits, from its inability to fully process its walk-in cash customers' waste.

**Large and Other Customers**

20. Priority Waste was unable to fully process its large and other customers' waste between July 1, 2021 and December 31, 2021 as a direct result of Endurance's actions.

21. Priority Waste's profit margin for large and other customers was approximately $13.05 per ton in 2021.

22. Because of Endurance's breach of its contractual commitments under the Transportation Agreement, Priority Waste lost approximately $51,966 in profits between July 2021 and December 2021 from its inability to fully process its large and other customers' waste.

**Greater Detroit Resource & Recovery Authority**

23. The Greater Detroit Resource & Recovery Authority (GDRRA) was an existing customer of Priority Waste as of July 1, 2021.

24. GDRRA committed to greatly expand its relationship with Priority Waste, increasing its waste delivery to the J. Fons transfer station to 1,000 tons per weekday starting in the second quarter of 2021.

25. Priority Waste was unable to fully process GDRRA's waste between July 2021 and December 2021 as a direct result of Endurance's actions.

26. Instead of processing 1,000 tons of GDRRA's waste per weekday as GDRRA had committed to, Priority Waste could only process an average of approximately 300 tons of GDRRA's waste per weekday between July 2021 and December 2021, resulting in a net loss of approximately 700 tons of GDRRA waste per weekday.

27. Priority Waste's profit margin for GDRRA waste was approximately $8.04 per ton in 2021.

28. Because of Endurance's breach of its contractual commitments under the Transportation Agreement, Priority Waste lost approximately $810,593 in profits from its inability to fully process GDRRA's waste between July 2021 to December 2021.

29. Priority Waste is still only able to process an average of approximately 300 tons of GDRRA's waste per weekday in 2022, resulting in a net loss of approximately 700 tons of GDRRA waste per weekday.

30. Priority Waste's profit margin for GDRRA waste is approximately $12.54 per ton in 2022.

31. Because of Endurance's breach of its contractual commitments under the Transportation Agreement, Priority Waste will lose more than $2,246,430 in profits for 2022 from its inability to fully process GDRRA's waste.

32. Priority Waste will continue to suffer the direct effects of Endurance's actions in the future, as GDRRA has reduced the volume of waste it delivers and Priority Waste has no assurance that GDRRA will ever reach the volume of waste that it had previously committed to.

33. Because of Endurance's breach of its contractual commitments under the Transportation Agreement, Priority Waste will lose additional future profits in an amount likely to equal or exceed $2,246,430 per year from its inability to fully process GDRRA's waste.

34. Priority Waste has incurred, and will continue to incur, reasonable attorneys' fees arising out of Endurance's breach of the Transportation Agreement.

## COUNT I
## <u>BREACH OF CONTRACT</u>

35. Priority Waste incorporates the prior paragraphs of this Complaint by reference.

36. The Transportation Agreement is a valid and binding contract between Priority Waste and Endurance.

37. Endurance breached the Transportation Agreement by failing to provide the number of trucks, loads per day, and hauling volume per week that it contractually agreed to.

38. Endurance further breached the Transportation Agreement by failing to indemnify and hold Priority Waste harmless from and against its losses, costs, and damages, including reasonable attorneys' fees, arising out of Endurance's breach of the Transportation Agreement.

39. Priority Waste has been damaged, and will continue to be damaged in the future, by Endurance's breach of the Transportation Agreement, including lost profits, consequential damages, and future damages, each as described in this Complaint.

WHEREFORE, Priority Waste requests a judgment against Endurance in an amount that exceeds $75,000.00 plus reasonable attorneys' fees as provided in Paragraph 4 of the Transportation Agreement, and costs and interest.

                                                Respectfully submitted,

                                                ZAUSMER, P.C.

                                                /s/ Michael A. Schwartz
                                                MARK J. ZAUSMER (P31721)
                                                MICHAEL A. SCHWARTZ (P74361)
                                                NICHOLAS J. SWIDER (P83843)
                                                Attorneys for Plaintiff
                                                32255 Northwestern Highway, Suite 225
                                                Farmington Hills, MI  48334
                                                (248) 851-4111 Fax: (248) 851-0100
                                                mzausmer@zausmer.com
                                                mschwartz@zausmer.com
                                                nswider@zausmer.com

Dated: February 21, 2022

## **JURY DEMAND**

Plaintiff Priority Transfer II LLC demands a jury in this case.

                                      Respectfully submitted,

                                      ZAUSMER, P.C.

                                      /s/ Michael A. Schwartz
                                      MARK J. ZAUSMER (P31721)
                                      MICHAEL A. SCHWARTZ (P74361)
                                      NICHOLAS J. SWIDER (P83843)
                                      Attorneys for Plaintiff
                                      32255 Northwestern Highway, Suite 225
                                      Farmington Hills, MI  48334
                                      (248) 851-4111 Fax: (248) 851-0100
                                      mzausmer@zausmer.com
                                      mschwartz@zausmer.com
                                      nswider@zausmer.com

Dated: February 21, 2022